UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DENISE C.,[1]

        Plaintiff,

        v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 3:23-cv-01326-YY

OPINION AND ORDER

YOU, Magistrate Judge.

        Plaintiff Denise C. seeks judicial review of the final decision by the Commissioner of the

Social Security Administration ("Commissioner") denying plaintiff's application for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-

33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act, 42

U.S.C. §§ 1381-1383f.  This court has jurisdiction to review the Commissioner's final decision

pursuant to 42 U.S.C. §§ 405(g).  For the reasons set forth below, that decision is REVERSED

and REMANDED for further proceedings.

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of
plaintiff's last name.

1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if it is based on proper

legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C.

§ 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  This court must weigh the

evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by

isolating a specific quantum of supporting evidence.'"  *Garrison v. Colvin*, 759 F.3d 995, 1009-

10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).  This

court may not substitute its judgment for that of the Commissioner when the evidence can

reasonably support either affirming or reversing the decision.  *Parra v. Astrue*, 481 F.3d 742, 746

(9th Cir. 2007).  Instead, where the evidence is susceptible to more than one rational

interpretation, the Commissioner's decision must be upheld if it is "supported by inferences

reasonably drawn from the record."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)

(citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

**SEQUENTIAL ANALYSIS AND ALJ FINDINGS**

Disability is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12

months."  42 U.S.C. § 423(d)(1)(A).  The ALJ engages in a five-step sequential inquiry to

determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. § 416.920;

*Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180

F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had engaged in substantial gainful activity during the

period of November 2020 through March 2021, but that there had been a continuous twelve-

month period during which plaintiff did not engage in substantial gainful activity. Tr. 18. At step

two, the ALJ determined plaintiff suffered from the following severe impairments: asthma,

COPD, obesity, left ankle sprain, left foot tendon injury and tendinosis, left knee degenerative

joint disease, and meniscus tearing. *Id*. The ALJ concluded plaintiff's mental impairments of

depression, PTSD, and alcohol use disorder were nonsevere, causing only "minimal limitation"

in her ability to perform basic work activities. Tr. 19.

At step three, the ALJ found plaintiff did not have an impairment or combination of

impairments that met or medically equaled a listed impairment. Tr. 20. The ALJ next assessed

plaintiff's residual functional capacity ("RFC") and determined plaintiff could perform light

work, with the following physical limitations: she can stand and walk two hours, she is not

limited in sitting; she can never climb ladders, ropes, scaffolds; she can occasionally climb

ramps, stairs, balance, kneel, crouch, crawl; and she can have occasional exposure to dusts,

odors, fumes, and pulmonary irritants. Tr. 21.

At step four, the ALJ found plaintiff was able to perform her past relevant work as a

healthcare facility administrator. Tr. 27. The ALJ then made the alternative step five finding that

jobs existed in significant numbers in the national economy that plaintiff could perform,

including collator operator, routing clerk, and retail price marker. Tr. 29. Thus, the ALJ

concluded plaintiff was not disabled. *Id*.

## DISCUSSION

Plaintiff argues the ALJ erred in determining both her depression and alcohol use

disorder were nonsevere at step two. Pl. Br. 4. Plaintiff asserts that, taken in combination, her

depression and alcoholism are "severe," and "the ALJ's decision indicates that she discounted

plaintiff's depression symptoms as a product of her alcoholism." Pl. Br. 7. According to plaintiff,

the ALJ's reliance on her alcoholism to discount her depression amounts to an improper drug

and alcohol abuse ("DAA") materiality analysis, eschewing the processes mandated by SSR 13-

2p. *Id*.

I.     **DAA Materiality Analysis**

A claimant will not be considered disabled for the purposes of disability benefits under

the Act if drug addiction or alcoholism are found to be a material contributing factor to the

disability determination. 42 U.S.C. § 423(d)(2)(c). The SSA's implementing regulations state: "If

we find that you are disabled and have medical evidence of your drug addiction or alcoholism,

we must determine whether your drug addiction or alcoholism is a contributing factor material to

the determination of disability." 20 C.F.R. §§ 404.1535(a), 416.935(a). The key factor in

determining whether DAA is a materially contributing factor is whether the claimant would still

be found disabled if the claimant stopped using drugs or alcohol. SSR 13-2p. Thus, it is only

after the claimant has been found disabled under the five-step analysis that a DAA materiality

analysis must be conducted. *Id*.

In the Ninth Circuit, it is settled law that an ALJ errs by concluding that a claimant's

mental impairments are the product or consequence of the claimant's alcohol or drug use *prior* to

making a determination that the claimant is disabled under the five-step inquiry. This was made

clear in *Bustamante v. Massanari*, where the court found the ALJ erred at step two in concluding

that the plaintiff's mental impairments were "the product and consequence of his alcohol abuse

and not independently severe or disabling." 262 F.3d 949, 954-55 (9th Cir. 2001). The court held

that the ALJ should have "proceeded with the five-step inquiry without attempting to determine

the impact of the [plaintiff's] alcoholism on his other mental impairments." *Id*. In contrast, if

substantial evidence supports an ALJ's step two determination that a claimant's mental

impairments are not severe in the first place, an ALJ need not proceed to conduct a DAA

materiality analysis. *See Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001) (an ALJ must

conduct a DAA analysis to separate alcoholism and drug related impairments from other non-

substance related impairments only if the substantial evidence shows those impairments are

severe).

Here, unlike *Bustamante*, the ALJ did not explicitly conclude plaintiff's depression was

the result of her alcohol use. Nor did the ALJ end the five-step inquiry after concluding

plaintiff's mental impairments were nonsevere. Rather, the ALJ discussed plaintiff's mental

impairments, including her depression and alcoholism, as coextensive, nonsevere impairments,

and then moved forward with the five-step inquiry. Tr. 20. The ALJ's observation that plaintiff

"mostly reported issues with alcohol use" was in the context of her psychological treatment and

is consistent with the record. Tr. 20. Thus, the court cannot conclude that the ALJ's discussion of

plaintiff's mental impairments amounted to an improper DAA materiality inquiry.

## II.      Severity of Mental Impairments at Step Two

However, the ALJ's decision regarding the severity of plaintiff's alcoholism and

depression is not supported by substantial evidence. The claimant bears the burden of proof at

step two. 20 C.F.R. §§ 404.1512(a), 416.912(a). At step two, the ALJ determines whether the

claimant has any medically determinable impairments that are "severe."  The step two inquiry is

"a *de minimus* screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d

1273, 1290 (9th Cir. 1996) (citing *Yuckert*, 482 U.S. at 153–54). A severe impairment is one that

significantly impairs the claimant's ability to perform basic work activities for at least 12

months. *See* 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii). Step two impairments "may be found not

severe *only if the* evidence establishes a slight abnormality that has no more than a minimal

effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)

(citation and internal quotation marks omitted) (emphasis in original); *see also* SSR 85-28, 1985

WL 56856, at *3 (Jan. 1, 1985). Step two findings must be based upon medical evidence. 20

C.F.R. §§ 404.1520(a), 416.920(a). The ALJ may draw inferences about the severity of an

impairment based on the degree of treatment the claimant sought. *Flaten v. Sec'y of Health &*

*Hum. Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995). "Omissions at step two are harmless if the

ALJ's subsequent evaluation considered the effect of the impairment omitted at step two."

*Harrison v. Astrue*, No. 10–6120–MO, 2011 WL 2619504, at *7 (D. Or. July 1, 2011) (citing

*Lewis*, 498 F.3d at 911).

Here, at step two, the ALJ found plaintiff's mental impairments of depression, PTSD, and

alcohol use disorder were nonsevere and caused only "minimal limitation" in her ability to

perform basic work activities. Tr. 19. The ALJ explained that plaintiff was mildly limited in her

ability to adapt and manage herself, because although she reported having "difficulty handling

stress and changes in routine," she did not "indicate significant mental difficulties with personal

care and other activities of daily living." Tr. 20. The ALJ noted plaintiff "mostly reported issues

with alcohol use," and that she told a provider that she stopped working due to her alcohol use

issues, not because of her physical or mental impairments. *Id*., citing Tr. 1102-03. The ALJ

further reasoned that plaintiff's limited mental health treatment, coupled her with self-report that

mental symptoms were well managed with treatment in late 2021, supported the assessment of

only mild limitations. Tr. 20, citing Tr. 1023, 1024, 1025, 1030-31, 1034.

The ALJ's conclusion that plaintiff's alcohol use disorder is a nonsevere impairment is

not supported by substantial evidence. As noted above, severe impairments significantly interfere

with a claimant's ability to perform basic work. *See* 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii). It

6 – OPINION AND ORDER

is without question that plaintiff's struggles with alcoholism significantly interfered with her ability to perform basic work. The record shows that plaintiff was hospitalized multiple times during the relevant period in order to manage her alcohol withdrawal symptoms. *See e.g.*, Tr. 628, 673, 778, 1016, 1018, 1024, 1037. She attended numerous inpatient and intensive outpatient rehabilitation programs. Tr. 1018, 1024, 1037, 1129. Plaintiff's continued alcohol use resulted in her being discharged from a sober living house and at one point experiencing homelessness. Tr. 403, 1037. The ALJ's analysis lacks any mention of plaintiff's multiple hospitalizations in the context of the severity of her impairment; instead, the ALJ notes only that plaintiff's mental status exams were normal "when discharged from an alcohol use treatment." Tr. 26. That plaintiff's mental status exams were normal when discharged from an inpatient alcohol treatment facility is not indicative of plaintiff's long-term mental health. *See* SSR 13-2p (noting a claimant's mental health improvement in the context of a structured treatment setting does not preclude a finding of disability). Given the record evidence of plaintiff's alcoholism and the associated treatment history, it is clear that plaintiff's alcoholism was a barrier to her ability to perform basic work, certainly above the threshold of a "slight abnormality." *Webb*, 433 F.3d at 686.

The ALJ's conclusion that plaintiff's depression is nonsevere is similarly not supported by substantial evidence. The record shows plaintiff has a long history of depression, including attempting to commit suicide in 2016 and hospitalization for alcohol withdrawal and suicidal ideation in 2020. Tr. 405. Plaintiff attributed her alcohol dependence, in part, to heavy depression, and was noted to have serious problems trusting others. Tr. 774, 791, 796, 1020, 1101, 1104. That she sought limited mental health treatment is thus not indicative of the level of her depression. Furthermore, treatment notes state that plaintiff's limited insight into her mental

health is a reason that her risk for relapse was high. Tr. 795, 875. Nor is the ALJ's reliance on a treatment note indicating plaintiff's mood was "stable" in late 2021 persuasive; less than a month after that report, plaintiff relapsed and was again admitted to an inpatient detox facility. Tr. 1024; *see also Urban v. Saul*, 808 F. App'x 453, 455 (9th Cir. 2020) (finding it improper to rely on an isolated note of improvement that did not reflect the longitudinal record). In combination, plaintiff's alcoholism and depression warrant more than mild limitations to her functioning, and the ALJ's finding to the contrary at step two was error.

While an error at step two is harmless so long as the ALJ proceeds with the five-step analysis, in cases where an ALJ fails to account for limitations in the RFC, the error is harmful. An RFC must contemplate all of a claimant's medically determinable impairments and reflect the total limiting effects of all such impairments. 20 C.F.R. §§ 404.1545(e), 416.945(e). In this case, the ALJ's RFC formulation failed to include any limitations for plaintiff's mental impairments and thus was incomplete. Therefore, the ALJ's step two error was harmful.

## III.    Remand

When a court determines the Commissioner erred in denying benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler*, 775 F.3d at 1099 (quoting 42 U.S.C. § 405(g)). Plaintiff asks that the case be remanded for further proceedings and the court agrees this is the appropriate remedy. On remand, the ALJ must reconsider the severity of plaintiff's alcohol use disorder and depression, and account for them accordingly in the RFC. If, on remand, the ALJ conducts the five-step inquiry and finds that plaintiff is disabled, the ALJ must then conduct a DAA materiality analysis to determine whether alcohol is a material contributing factor to plaintiff's disability, as required by 20 C.F.R. §§ 404.1535 and 416.935.

**ORDER**

The Commissioner's decision is REVERSED, and this case is REMANDED for further

proceedings consistent with this opinion.

DATED September 13, 2024.


                                           /s/ Youlee Yim You
                                        Youlee Yim You
                                        United States Magistrate Judge

9 – OPINION AND ORDER